UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| JOSEPH M. BANGCORO | : | Chapter 13 |
| LISA M. BANGCORO | : | |
| Debtors | : | No. 24-10074-pmm |

## MOTION OF THE CHAPTER 13 TRUSTEE TO BAR MICHAEL MCCRYSTAL FROM FILING ANY NEW BANKRUPTCY CASES IN THE EASTERN DISTRICT OF PENNSYLVANIA

Scott F. Waterman, Esq., Standing Chapter 13 Trustee, by his attorney, files this Motion to Sanction Michael McCrystal, Esquire by prohibiting him to file any further bankruptcy cases in the Eastern District of Pennsylvania and respectfully represents as follows:

1.  On January 11, 2024 Michael McCrystal filed the above Chapter 13 Bankruptcy case on behalf of Mr. and Mrs. Bangcoro.

2.  On the Petition, Mr. McCrystal certified to the Court that he "[had] no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect." A copy of the Petition with Mr. McCrystal's electronic signature is attached as Exhibit "A."

3.  Included in the original filing were the Debtors' Schedules and Statement of Financial Affairs.

4.  Also included in the filing was Debtors' Declaration which stated, "Under penalty of perjury, **I declare that I have read the summary and schedules filed with this declaration and that they are true and correct**" signed by both Debtors. [emphasis added]. A copy of the Debtors' Declaration is attached as Exhibit "B."

5.  Schedules AB through D and Schedules I and J were filed in blank. Copies of the blank Schedules are collectively attached as Exhibit "C."

1

6. Historic income information which should have been listed in the Statement of Financial Affairs, Items 4 and 5 were also blank. A copy of the Statement of Financial Affairs is attached as Exhibit "D."

7. The Debtors also signed the 122C-1 Form [Means Test] Form under penalty of perjury that "the information of the statement and in any attachments is true and correct" was also blank. A copy of the Means Test Form is attached as Exhibit "E."

8. At the Meeting of Creditors it was disclosed that Mr. McCrystal had his clients sign the signature pages in his presence, but contrary to the representations made by the Debtors and Mr. McCrystal, he did not provide the Debtors with completed Schedules to review, and in fact they did not review the Schedules or Statement of Financial Affairs or the Means Test Form when they signed the Declarations.

9. It is believed that Mr. McCrystal had his clients sign the signature pages before the Schedules had been completed.

10. Had the Debtors actually reviewed the legal papers the Debtors would have discovered that Schedules AB-D, I and J were blank and the income information on the Means Test and Statement of Financial Affairs were omitted, and those errors could have been corrected prior to filing.

11. Having clients sign declarations under penalty of perjury that they have reviewed documents, when in fact they have not, is dishonest and undermines the integrity of the bankruptcy system.

12. This Court has already taken notice of attorney McCrystal's shoddy and inattentive legal work.

13. Mr. McCrystal has been admonished in open court and previously ordered to disgorge fees for failing to adequately represent clients.

14. A small list of his cases demonstrating his poor performance are as follows:

A. *In re Majette*, Case No. 18-15092-pmm - On or about May 27, 2020, after being caught filing Chapter 13 Plans containing the electronic signatures of his clients who had not signed, approved or were aware of the terms of the Plans, Mr. McCrystal executed a Memorandum of Understanding with the Chapter 13 Trustee that he would obtain wet ink signatures of all Chapter 13 plans and serve copies of all plans upon his clients. A copy of the Memorandum is attached as Exhibit "F."

B. *In re Scott M. Zukowski*, Case No. 04-024809-pmm. Mr. McCrystal filed an expedited motion to allow a serial filing debtor file another case to stop a tax sale, yet he never served the Notice of Hearing or the Motion on any party, nor did he present any evidence of change of circumstances warranting the allowance of a refiling. As a result, his motion to allow the Debtor to file another case was denied and he was ordered to refund money to his client as he failed to reasonably represent the debtor. A copy of the Order is attached as Exhibit "G."

C. *In re Zdradzinski* – Case No. 23-10448 pmm– On March 28, 2024 the Court ordered Mr. McCrystal to file another Amended Chapter 13 Plan within seven (7) days to fix errors preventing the plan to be confirmed, with the understanding that if he failed to do so, the case which has been lingering for over a year would be dismissed. To this day he has not filed one.

15. A lawyer has a duty to provide competent representation to his clients. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation. Pennsylvania Rule of Professional Conduct 1.1.

16. A lawyer has a duty to act with diligence and promptness in representing clients. Pennsylvania Rule of Professional Conduct 1.3.

17. Rule 1.4 of the Pennsylvania Rule of Professional Conduct imposes a duty upon counsel to communicate with his clients, and counsel violates that duty when he has them sign documents representing that the information included was correct, when in fact they had not read the papers.

18. A lawyer shall not knowingly make a false statement of material fact to a tribunal nor shall an attorney offer evidence that the lawyer knows is false. Rule of Professional Conduct 3.3(a).

19. It has become clear that neither the Court's admonishment nor disgorgement of fees have provided the proper motivation for Mr. McCrystal to improve his practices.

20. It is the Trustee's belief that Mr. McCrystal is unable to improve as an attorney and his continued practice in bankruptcy harms debtors.

21. Bankruptcy courts, like all other federal courts, have the authority to oversee and correct for attorney conduct. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46, 111 S.Ct. 2123 (1991).

22. Federal Rule of Bankruptcy Procedure 9011(b) states, "[b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the

4

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

> 1.) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> 2.) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> 3.) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4.) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

23. Bankruptcy courts also have the authority to disbar an attorney from continuing to practice in their court. *In re Dobbs*, 535 B.R. 675, 699 (N.D. Miss. 2015).

24. The *Dobbs* Court found that the only way to deter the future misconduct of the attorney was to disbar him.

25. Further the *Dobbs C*ourt stated the purpose of the disbarment is not for punishment, but instead to protect the general public.

26. Courts have disbarred attorneys for having their clients pre-signing documents in blank and executing false statements. See *Florida Bar v. Davis*, Case NO.:SC22-105 where the court suspended an attorney after she had a client sign a blank page in which the client affirmed the oath of truthfulness of the claims in the Petition, which had not yet been drafted.

27. Such conduct involves dishonesty, fraud, deceit and misrepresentation which are prejudicial to the administration of justice.

28. In exercising its discretion to disbar an attorney, some courts have considered up to nine factors including  (1) the nature of the [attorney]'s conduct, (2) the need to deter such

conduct, (3) the preservation of dignity and reputation of the legal profession, (4) the need to protect the public, (5) sanctions imposed in similar cases, (6) the duty involved, (7) the lawyer's mental state, (8) actual and potential injury resulting from the misconduct, and (9) the existence of aggravating factors.

29. Additionally, courts may also look to the ABA Standards in Imposing Sanctions. These factors are: (1) the duty violated, (2) the lawyers violated, (3) the actual and potential injury resulting from the misconduct, and (4) the existence of aggravating or mitigating factors. See *In re Dobbs*, 535 B.R. at 697.

30. In order to protect the general public and future debtors from the harm caused by his poor practices this Court should bar Micheal McCrystal, Esquire from filing any new bankruptcy cases in the Eastern District of Pennsylvania

**WHEREFORE**, Scott F. Waterman, Esq., Standing Chapter 13 Trustee, respectfully requests that this Court sanction Mr. McCrystal and prohibit him from filing any new bankruptcy cases in Eastern District of Pennsylvania and other such relief that is necessary and proper.

Respectfully submitted,

Date: May 1, 2024

*/s/ Rolando Ramos*
Rolando Ramos, Esquire for
Scott F. Waterman
Standing Chapter 13 Trustee
2901 St. Lawrence Avenue
Reading, PA  19606
Telephone:  (610) 779-1313