IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENSYLVANIA
READING DIVISION

| | |
|---|---|
| JOSEPH M. BANGCORO and<br>LISA M. BANGCORO<br>Debtor | CASE NO. 24-10074-PMM |
| STANDING CHAPTER 13 TRUSTEE,<br>SCOTT WATERMAN, ESQUIRE<br>Movant | CHAPTER 13 |

vs.

MICHAEL J. McCRYSTAL, ESQUIRE
Respondent

### RESPONSE TO MOTION TO BAR

AND NOW, Michael J. McCrystal, Esquire, by and through his undersigned counsel files this Response to the Motion to Bar and avers:

1. Admitted.

2. Admitted.

3. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

4. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

5. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

6. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

7. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

8. Upon reasonable investigation, respondent cannot admit or deny the truth or falsity of this averment and strict proof thereof is demanded. By way of further answer, respondent met with debtors both in person, by email and over the phone to prepare the statements and schedules.

9. Respondent historically prepares the statements and schedules with the debtors physically sitting in front of him. They are asked questions which they give verbal answers to, and those answers are recorded in the program which is filed. This process occurred in this case. It is believed and therefore averred those are the same answers which appear in the Amended Statements and Schedules that were filed in this case on April 24, 2024.

10. Denied for the reasons stated in answer to averment number 8.

11. Denied for the reasons stated in answer number 8.

12. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

13. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

14. A. The Court is acutely aware of the tortured history of this case. The gravamen of this allegation being that debtors directly contacted the trustee saying that they did not approve a Chapter 13 plan that envisioned paying a Worker's Compensation commutation into the plan. As events unfolded in this case (now dismissed) respondent asks this Court to find that part of the plan was consistently (the plan for the plan) and debtors knew that and orally agreed to it.

B.  Sometimes no good deed goes unpunished. It is but a few days before the 2023 tax sale in which during the Spring 2023, the most recent filed case would be dismissed. I had spent much of that spring telling Mr. Zukowski the 2022 case was his last chance and not to let this case fail. I also reminded him that if there would be a 2023 case, he needed Court permission first and not to wait until the last minute. To be brief, he did not agree that was the case. Now at the last minute he calls me and asks for help. In hindsight there was no help that could be given.

C.  On May 2, 2024, a 6th amended plan, certificate of service and amended schedules A/B were filed.

15. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

16. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

17. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

18. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

19. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

20. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

21. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

22. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

23. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

24. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

25. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

26. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

27. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

28. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

29. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

30. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Debtor/Respondent prays this Honorable Court to deny the Motion to Bar and for such other and further relief as this Court will deem just and equitable.

Respectfully submitted,

/s/ Michael J. McCrystal

_____

Michael McCrystal, Esquire