**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOSEPH M. BANGCORO and | : | BANKR. NO. 24-10074-pmm |
| LISA M. BANGCORO, | : | |
| | : | |
| Debtors. | : | |

**UNITED STATES TRUSTEE'S RESPONSE TO MOTION OF THE**
**CHAPTER 13 TRUSTEE TO BAR MICHAEL MCCRYSTAL FROM FILING ANY**
**NEW BANKRUPTCY CASAES IN THE EASERN DISTRICT OF PENNSYLVANIA**

The United States trustee for Region 3 (the "U. S. trustee"), through his undersigned counsel, submits this response to the Motion of the Chapter 13 Trustee to Bar Michael McCrystal from Filing Any New Bankruptcy Cases in the Eastern District of Pennsylvania (the "Motion") as follows:

1. On January 11, 2024 (the "Petition Date"), Joseph M. and Lisa M. Bangcoro ("Debtors") filed a voluntary petition under chapter 13 of the Bankruptcy Code, apparently seeking to discharge approximately $23,000 in unsecured debt through a chapter 13 plan. Michael McCrystal, Esq. signed the Debtors' Petition as their counsel. Dkt. No. 1, p. 7.

2. On the Petition Date, the Debtors were ineligible for relief under chapter 7 as they had received a discharge under chapter 7 in a case commenced less than eight years prior to the commencement of the present case. *See*, 11 U.S.C. § 727(a)(8).

3. Concurrent with the filing of the Petition the Debtors filed their Schedules, Dkt. No. 1, pp. 9-31, Statement of Financial Affairs Dkt. No. 1, pp. 34-39, Form 122C-1, Dkt. No. 4, and other required documents. As set forth in the Motion, these documents were only partially completed. Specifically, Schedule A/B listed no assets, Dkt. No. 1, pp. 9-13, Schedules I and J listed no income or expenses, Dkt. No. 1, pp. 27-30, the Statement of Financial Affairs listed no

historical income information, Dkt. No. 1, p. 34-35, and Form 122C-1 appeared to include an inaccurate statement of income.[1] Dkt. No. 4.

4. The Debtors each filed two separate Certificates of Credit Counseling. Attached to the Petition were Certificates for each Debtor dated February 28, 2023, Dkt. No. 1, pp. 44-45. Separate Certificates dated November 13, 2023, were also filed. Dkt. Nos. 6, and 7.

5. Similarly, two separate Chapter 13 Plans were filed on or shortly after the Petition Date. The first Plan was filed on the Petition Date and was signed by the Debtors on March 18, 2023. Dkt. No. 5. The second Plan was filed on February 29, 2024, and was signed by the Debtors on February 7. Dkt. No. 10.

6. At the section 341 Meeting of Creditors, the Debtors were questioned about the incomplete and/or inaccurate documents that were filed, and although a complete explanation was not provided, counsel for the Trustee requested that amendments be filed to include complete and accurate information.

7. On April 24, 2024, amended Schedules were filed, including Amended Schedules A/B, Dkt. No. 16, C, Dkt. No. 17, I, Dkt. No. 19, and J, Dkt. No. 20, as well as an Amended Form 122C-1, Dkt. No. 21, and an Amended Statement of Financial Affairs, Dkt. No. 22.

8. An Amended Schedule D was also filed on April 24, 2024, Dkt. No. 18, but no changes were made to the original Schedule D. The Debtors were however charged a filing fee for this amendment. The following day, April 25, 2024, second Amended Schedule D was filed, Dkt. No. 23, again with no evident changes made to either the original or first amended Schedule D.

---

[1] The Debtors filed two Form 122C-1s on the Petition Date, one attached to the Petition which listed no income, Dkt. No. 1, pp. 40-43, and a separate Form 122C-1 which appeared to list an inaccurate income figure for Ms. Bangcoro, Dkt. No. 4.

9. On May 1, 2024, the Chapter 13 Trustee filed the Motion, setting forth some of the missing and/or inaccurate information on the documents Mr. McCrystal filed for the Debtors. Dkt. No. 24. Mr. McCrystal responded to the Motion on May 14, 2024, Dkt. No. 31, generally denying the allegations of the Chapter 13 Trustee, despite the documents he prepared and filed clearly being incomplete and inaccurate. Mr. McCrystal provided no explanation for what occurred in the Debtors' case, but rather stated that he "met with debtors in person, by email and over the phone to prepare the statements and schedules."

10. As set forth in the Motion, this is not the first time that Mr. McCrystal has provided inadequate representation of his bankruptcy clients in the preparation and filing of their bankruptcy cases. In numerous cases Mr. McCrystal has filed incomplete and/or inaccurate documents resulting in the filing of motions for return of fees and for other sanctions for his poor performance. Included among these cases, and without limitation, was *In re Leonard R. and Lacey Reiss*, 22-11538-pmm, where Mr. McCrystal entered into a stipulation with the U. S. trustee, approved by this Court on December 12, 2022, providing that, *inter alia*, for a period of twelve months, he files a certification with every original or amended document he prepares in any bankruptcy case that he personally reviewed each such document for any errors or omission before filing same, that he obtained and reviewed the financial and other information on which the representations in each document were made before filing, and that he had obtained the written approval and consent of the respective debtors that they were provided an opportunity to review and make corrections to any such documents before filing.[2] The terms of this Stipulation expired one month prior to the Petition Date in the present case.

---

[2] In his motion for return of fees in the *Reiss* case, that U. S. trustee identified twelve additional cases where it appeared that Mr. McCrystal had prepared and filed incomplete and/or inaccurate documents as follows: In re Barman - 22-10385-pmm, In re Howard - 22-11751-pmm, In re Kohaut - 22-11766-pmm, In re Hattendorf - 22-

3

11. On December 21, 2023, this Court held a hearing to determine whether Mr. McCrystal could continue to adequately represent debtors in his then current cases, given his acquiring a position with the City of Reading's Legal Department. Mr. McCrystal assured the Court, the Chapter 13 Trustee, and the U. S. trustee that he would do whatever was necessary to ensure that his clients were adequately represented through the remainder of their respective cases. At that time Mr. McCrystal had few if any open chapter 7 cases, and only a handful of pre-confirmation chapter 13 cases. Most of his open cases were post-confirmation chapter 13 cases.

12. Mr. McCrystal also represented that he had only one, possible two cases in the pipeline which he intended to file shortly after the hearing, and it appears that the Bangcoro case is one of those cases, if not the only one. He represented that he was closing his private legal office, and that once the remaining one or two cases were filed, he would not be filing any new bankruptcy cases.

13. Notwithstanding the representations he made to the Court, Mr. McCrystal has filed two bankruptcy cases on behalf of debtors since the Chapter 13 Trustee's Motion was filed, listing his private law office address on the petitions in both cases: *In re Anthony Echevarria*, case number 24-11699-pmm, filed on May 17, 2024, and *In re James C. Puglia*, case number 24-11729-pmm, filed on May 21, 2024. And in each of these cases Mr. McCrystal prepared and filed incomplete and/or inaccurate documents, showing that his deficient practices persist.

14. In *Echevarria*, Mr. McCrystal filed an amended Form 122A-1, Dkt. No. 6, to add "missing information" left off the original Form, Dkt No. 4. The original Form listed no income,

---

11889-pmm, In re Rosario - 22-11974-pmm, In re Fedor - 22-12173-pmm, In re Diaz - 22-12251-elf, In re Davis - 22-12335-mdc, In re Beek - 22-12444-pmm, In re Zukowski - 22-12540-pmm, In re Williams - 22-12541-pmm, In re Dodson - 22-12596-pmm, and In re Schuck - 22-12679-pmm.

while the amended Form listed income for the non-filing spouse.  Mr. McCrystal also filed a separate Disclosure of Attorney Compensation stating he received $1,800 in compensation from the debtor, Dkt. No. 8, to correct the original Disclosure of Attorney Compensation filed with the Petition which stated he received no compensation, Dkt. No. 1, p. 45.  Similarly, the Statement of Financial Affairs states at question number 16 that no fees or compensation were paid to Mr. McCrystal, Id., at p. 26, which appears to be inaccurate.  And, while SOFA question number 5 states that the debtor receives social security benefits, *Id*. at p. 34, no social security income is listed on Schedule I, *Id*. at pp. 28-29.

15. In *Puglia*, Statement of Financial Affairs question 16 states that Mr. McCrystal was paid $1,200, Dkt. No. 1, p. 32, yet the Disclosure of Attorney Compensation states that he was paid $1,500, *Id*, at p. 41.

16. Mr. McCrystal's prevalent and persistent deficient practices continue despite repeated admonitions from the Court and motions for return of fees and sanctions filed by both the Chapter 13 Trustee and the U. S. trustee, and it does not appear that he is capable of and/or has any interest in or intention to amend his ways.  These practices have prejudiced his clients and put a strain on the Court, as well as both the Chapter 13 Trustee and the U. S. trustee as they are required to continually monitor Mr. McCrystal's cases to protect both his clients and the integrity of the bankruptcy system.

The U. S. trustee agrees with the Chapter 13 Trustee that some remedy is appropriate and necessary, and to the extent that the Chapter 13 Trustee is proposing the revocation of Mr. McCrystal's ECF privileges to prevent the filing of any new cases, supports his request.  However, if the Chapter 13 Trustee is seeking a bar to practicing in this Court, such relief may require additional steps and procedures before it can be fully implemented.  The Court may want

to consider an alternative course of action in the interim, which the U. S. trustee is prepared to address with the Court at the hearing on the Chapter 13 Trustee's Motion.

Dated: May 29, 2024.  ANDREW R. VARA
United States trustee, Regions 3 and 9

By: /s/ *Dave P. Adams*
Dave P. Adams
900 Market Street, Suite 320
Philadelphia, Pennsylvania 19107
(215) 597-4411
(215) 597-5795 (fax)